EMILIO M. GARZA, Circuit Judge,
dissenting:
Because the majority 1) fails to view the evidence in the light most favorable to the jury verdict, 2) fails to articulate and employ the proper appellate standard of review, and 3) fails to analyze and apply Supreme Court precedent properly, I respectfully dissent.
I
Calvin Rhodes began his employment with Guiberson Oil and other divisions of Dresser Industries in 1955 as a salesman of oil-industry-related products.[1] On October 31, 1986, Guiberson Oil discharged Rhodes, allegedly because of a reduction in force necessitated by a recession in the oil industry. At the time of his termination, Rhodes was fifty-six years old and received an annual salary of $65,000. On his severance report, Guiberson Oil stated both that it had discharged Rhodes because of a reduction in work force and that it would consider rehiring him. Within two months, however, Guiberson Oil hired a forty-two year old salesman, at an annual salary of $36,000, to replace Rhodes.
Rhodes subsequently sued Guiberson Oil for violating the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1988) (“ADEA”). A jury found that Guiberson Oil terminated Rhodes from his employment because of his age, but also found that Guiber-son Oil had not willfully violated the ADEA.[2] The magistrate judge, after hearing further testimony on the issue of damages, found that Rhodes had sustained damages in the amount of $188,866.70 as a result of Guiber-son Oil’s unlawful conduct. Both Guiberson Oil and Rhodes now appeal the jury’s findings on liability issues and the magistrate judge’s calculation of damages.
II
A
Guiberson Oil, which moved for a directed verdict both at the close of the plaintiffs case-in-chief and at the close of all the evidence, contends that the evidence is insufficient to support the jury’s finding of age discrimination. Guiberson Oil thus argues that the magistrate erred in not granting its motion for judgment notwithstanding the verdict (“JNOV”).[3] In reviewing a motion for JNOV,
the Court should consider all of the evidence — not just that evidence which sup *547 ports the non-mover’s ease — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting the motion[] is proper. On the other hand, if there is substantial evidence opposed to the motion! ], that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion!] should be denied.... [I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.
Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir.1969) (en banc).
B
The ADEA makes it “unlawful for an employer ... to discharge any individual ... because of such individual’s age.” 29 U.S.C. § 623(a)(1). To establish a prima facie ease of age discrimination, the plaintiff “must demonstrate that: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of the discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.” Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 957 (5th Cir.1993). If the plaintiff establishes a prima facie case, he creates a presumption of discrimination, Texas Dept. of Community Aff. v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981), and the burden shifts to the defendant to “articulate some legitimate, nondiscriminatory reason” for the challenged action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The defendant may meet this burden by presenting evidence that, “if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employ-St. Mary’s Honor Ctr. v. Hicks, — U.S. -, -, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). If the defendant meets its burden, the presumption raised by the plaintiffs prima facie case disappears. Burdine, 450 U.S. at 255 & n. 10, 101 S.Ct. at 1095 & n. 10. The plaintiff then has the opportunity to demonstrate, through presentation of his own ease and through cross-examination of the defendant’s witnesses, that the proffered reason was not the true reason for the employment decision, and that age was. St. Mary’s, — U.S. at -, 113 S.Ct. at 2747; Bodenheimer, 5 F.3d at 957. If he succeeds in doing so, “[t]he fact-finder’s disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie ease, suffice to show intentional discrimination.” St. Mary’s, — U.S. at -, 113 S.Ct. at 2749. On appeal, Guiberson Oil conceded that Rhodes had established a prima facie case.[4] Thus, we must determine only whether the evidence supports the conclusion that Guiberson Oil’s proffered reason was not the true reason for terminating Rhodes. See Id. (“[Rejection of the defendant’s proffered reasons! ] will permit the trier of fact to infer the ultimate fact of intentional discrimination, and ..., upon such rejection, no additional proof of discrimination is required.”). ment. action;
On Rhodes’ severance report, Guiberson Oil indicated that Rhodes was discharged .because of a reduction in work force and that it would consider rehiring Rhodes. The evidence adduced at trial, however, showed that these reasons were false: Rhodes’ position was not eliminated as a reduction in force. Moreover, contrary to the statements contained in the severance report, Guiberson Oil’s defense at trial was that Rhodes was discharged because of his poor work performance. This contradiction between the false reasons given on the severance report and the justification presented at trial could reasonably lead a jury to disbelieve Guiberson’s *548 explanation. Consequently, the evidence supports the jury’s finding that Guiberson Oil’s proffered reasons for terminating Rhodes were pretextual. That disbelief, together with the elements of Rhodes’ prima facie ease, permitted — but did not require— the jury to find that Guiberson Oil intentionally discriminated against Rhodes on account of his age. See St. Mary’s, — U.S. at -, 113 S.Ct. at 2749; Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1123-24 (7th Cir.1994) (noting that “the plaintiff may prevail in a discrimination case by establishing a prima facie case and by showing that the employer’s proffered nondiscriminatory reasons for ... discharge are false”); Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1993) (holding that “the factfinder ... is entitled to infer discrimination from plaintiffs proof of a prima facie case and showing of pretext without anything more”).
Additionally, that Guiberson Oil deliberately misled Rhodes concerning the circumstances of his discharge and that Guiberson Oil hired a younger person to replace Rhodes shortly after his discharge constitute relevant evidence of intentional age discrimination. See, e.g., Ramirez v. Allright Parking El Paso, Inc., 970 F.2d 1372, 1377-78 (5th Cir.1992) (holding that evidence that plaintiff was replaced with younger person and that the employer’s proffered reason for discharge— that it fired plaintiff for poor job performance — was pretextual constituted evidence of intentional age discrimination). Accordingly, I would hold that the evidence sufficiently supported the jury’s verdict, and the magistrate correctly refused to grant Guiber-son Oil’s motion for JNOV or its motion for a new trial.[5]
Ill
A
The majority, however, finds Rhodes’ evidence insufficient to support the jury’s finding of intentional discrimination. My first disagreement with the majority concerns its review of the evidence. As an appellate court, we do not substitute our own view of the weight of the facts for that of the jury. Instead, we view the evidence in the light most favorable to the jury verdict. Boeing Co., 411 F.2d at 374-75. Because the jury found in favor of Rhodes, we view the evidence in the light most favorable to Rhodes. See id. The majority has failed to do this.[6]
Moreover, our proper appellate function is not to reweigh the evidence, but only to determine if there was enough to support the jury’s finding. See id. (“[I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences and determine the credibility of witnesses.”). Therefore, the question is not whether we believe that Rhodes “undermine[d] the legitimate business reason proffered by Guiberson,” maj. op. at 540, but whether the jury could reasonably have disbelieved Guiberson’s evidence. Similarly, although the majority elaborates on “what is not in the record,” see maj. op. at 540, whether certain items are missing from the evidence presented is irrelevant if a jury could nonetheless find intentional discrimination. Rhodes need not have had an overwhelming case, only a sufficient one. Moreover, much of evidence that the majority castigates Rhodes for lacking is direct evidence,[7] which is typically absent in discrimination cases and not required to *549 prove intentional discrimination.[8] Accordingly, its absence does not mandate judgment in Guiberson’s favor.
The majority limits the evidence it considers favorable to Rhodes to three items.[9] As the panel in Rhodes I noted, however, Rhodes also provided the severance report. See Rhodes I, 927 F.2d at 881. The majority seeks to eliminate this evidence by stating that the conclusions derived in Rhodes I are not conclusive in this proceeding, and it characterizes these conclusions as dicta in this appeal. I agree. Nonetheless, that this court need not follow the conclusions of the prior panel does not require us to ignore the evidence underlying those conclusions.[10] Yet the majority does not include in Rhodes’ evidence the discrepancies between Rhodes’ severance report and Guiberson’s trial justification for his termination. Instead, the majority characterizes the severance report in Guiberson’s favor, see maj. op. at 541 n. 4 (“[T]he language of the severance report indicating that Guiberson would ‘consider rehiring’ Rhodes is simply a polite way of confirming that the employee was not fired for misconduct.”), and reweighs the evidence on its own, see id. (“We see no discrepan-cy_”) (emphasis added). Because this is not the proper function of an appellate court, I disagree with the majority’s analysis of the evidence.[11]
B
The majority also fails to analyze and apply Supreme Court precedent properly. After stating various portions of the holding in St. Mary’s Honor Center v. Hicks,[12] the majority states that the following language from St. Mary’s is “obviously dicta”[13]:
The factfinder’s disbelief of the reasons put forward by the defendant (particularly *550 if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination, ... and the Court of Appeals was correct when it noted that, upon such rejection, ‘no additional proof of discrimination is required.’
— U.S. at-, 113 S.Ct. at 2749 (citation omitted).[14] I question the majority’s conclusion. Explaining that the plaintiff was entitled to only a permissive inference of discrimination, not a mandatory one, was a necessary part of the holding. See Connecticut v. Doehr, 501 U.S. 1, 28, 111 S.Ct. 2105, 2122, 115 L.Ed.2d 1 (1991) (Rehnquist, C.J., concurring) (defining dicta as a court’s “discussion of] abstract and hypothetical situations not before it”); see also Black’s Law Dictionary 454 (6th ed. 1990) (defining dicta as “[o]pinions of a judge which do not embody the resolution or determination of the specific case before the court” and “[expressions in court’s opinion which go beyond the facts before court”). Elucidating the proper standard to be applied on remand was neither abstract nor hypothetical. Instead, it assisted in the resolution of the specific case, and it did not go any further than the facts before the court. Indeed, the Court of Appeals on remand declined to accept the prior trial court’s holding of no discrimination and remanded for consideration of the very language stated above. Hicks v. St. Mary’s Honor Center, 2 F.3d 264, 266-67 (8th Cir.1993) (quoting the above language and remanding “because neither the parties nor the district court has had a full and fair opportunity to apply the Supreme Court’s newly clarified analytical scheme”).
Since St. Mary’s was decided, six other Circuits have adopted this specific language as an important holding of St. Mary’s and have employed its permissive inference standard. See LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 843 (1st Cir.1993) (quoting St. Mary’s and stating that “[s]uch evidence [of pretext], coupled with the elements of the employee’s prima facie case (and, of course, any other evidence), may (or may not) lead the factfinder to infer that the employer has engaged in intentional discrimination”), cert. denied, — U.S. -, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994); DeMarco v. Holy Cross High Sck, 4 F.3d 166, 170 (2d Cir.1993) (“Proof that the employer has provided a false reason for its action permits the finder of fact to determine that the defendant’s actions were motivated by an improper discriminatory intent, but does not compel such a finding.”); Seman v. Coplay Cement Co., 26 F.3d 428, 433 (3d Cir.1994) (“Hicks[15] teaches, though, that rejection of the employer’s proffered nondiscriminatory reason will permit the trier of fact to infer the ultimate fact of intentional discrimination, so long as there is a finding of discrimination.”); Manzer v. Diamond Shamrock Chem. Co., 29 F.3d 1078, 1083 (6th Cir.1994) (“Hicks clarified that the only effect of the employer’s nondiscriminatory explanation is to convert the inference of discrimination based upon the plaintiffs prima facie case from a mandatory one which the jury must draw, to a permissive one the jury may draw, provided that the jury finds the employer’s explanation ‘unworthy’ of belief.”); Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1123-24 (7th Cir.1994) (“The [Hicks ] Court explicitly states that the plaintiff may prevail in a discrimination , case by establishing a prima facie case and by showing that the employer’s proffered nondiscriminatory reasons for her demotion or discharge are factually false.”); Washington v. Garrett, 10 F.3d *551 1421, 1438 (9th Cir.1993) (“[A]s St Mary’s recognizes, the factfinder in a Title VII case is entitled to infer discrimination from plaintiff’s proof of a prima facie case and showing of pretext without anything more-”). Indeed, Manzer states that “[e]very circuit court to address the impact of Hicks on the submissibility of employment discrimination cases has reached this same conclusion.” 29 F.3d at 1083. Thus, even if the quoted language in St. Mary’s were dicta, circuit courts faced with this precise issue since St. Mary’s have followed this language.
The majority also attempts to discard St. Mary’s by citing Hazen Paper Co. v. Biggins [16] as more binding authority for the resolution of this case. Again, I disagree. Initially, the majority states that: “St. Mary’s is of course a Title VII case and Hazen Paper is an ADEA ease. Since the case before us is an ADEA ease, we believe that Hazen Paper is more relevant and determinative to this decision than St. Mary’s.” See maj. op. at 544. The majority’s characterization of St. Mary’s ignores the fact that the ADEA was modeled after Title VII, and the same analysis applies to both statutes.[17] Indeed, Hazen Paper itself relies on several Title VII cases.[18] Accordingly, Hazen Paper and St. Mary’s are equally applicable to either a Title VII or an ADEA case.
Further, although I agree with the majority’s recitation of Hazen Paper’s reasoning, I cannot see what relevance it has to this case. In Hazen Paper, the plaintiff claimed that his employer’s decision to deprive him of his pension by terminating him constituted a violation of the ADEA. The Supreme Court, as the majority correctly states, held that age and years of service are not necessarily correlative, and a finding of intent to thwart the vesting of the plaintiffs pension was not automatically an intent to discriminate on the basis of age. See Hazen Paper, — U.S. at -, 113 S.Ct. at 1707 (finding that “age and years of service are analytically distinct”). In this ease, however, Rhodes did not seek to prove that, because Guiberson wanted to deprive him of a benefit, Guiberson must have acted discriminatorily. Instead, Rhodes sought to prove that Guiberson discharged him specifically because of his age. In this case, therefore, the correlative jump from some other factor to age discrimination that Hazen Paper disallowed is not necessary. Consequently, the holding of Hazen Paper does not mandate the majority’s conclusion.
Moreover, Hazen Paper actually supports the holding in St. Mary’s that the majority ignores. In Hazen Paper, while the Supreme Court held that no automatic connection between years of service and age discrimination existed, it also held that years of service could nonetheless support an inference of age discrimination. “We do not preclude the possibility that an employer who targets employees with a particular pension status on the assumption that these employees are likely to be older thereby engages in age discrimination.” Id.; see also id. at -, 113 S.Ct. at 1708 (“[Ijndirect evidence of this kind may well suffice to support liability if the plaintiff also shows [pretext].”).[19] Thus, Hazen Paper is consistent with St. Mary’s in that, while a conclusion of discrimination is not required, it is permitted.
C
Lastly, I question the majority’s analysis of post-St Mary’s cases. First, as discussed *552 earlier in this dissent, post-£i. Mary’s cases directly dealing with the question at issue in this case follow a different interpretation of St. Mary’s than that stated by the majority. Also, those cases that the majority cites in support of its conclusion do not, when viewed in their entirety, lend credence to the majority’s conclusions.
Bodenheimer v. PPG Indus., Inc., 5 F.3d 955 (5th Cir.1993),[20] and Durham v. Xerox Corp., 18 F.3d 836 (10th Cir.1994), cert. denied, — U.S. -, 115 S.Ct. 80, — L.Ed.2d - (1994),[21] never reach the question at issue in this case, that is, whether a plaintiffs prima facie case plus proof of pretext alone can suffice to support a factfin-der’s determination of age discrimination. In both of these cases, the plaintiff failed to prove pretext. Bodenheimer, 5 F.3d at 958 (requiring plaintiff to “produce sufficient evidence to establish that [defendant’s] reasons were pretexts for age discrimination ” and concluding that “he did not”); Durham, 18 F.3d at 840 (“Without proof of pretext or direct evidence of discriminatory intent, Durham cannot meet her ultimate burden of proving intentional discrimination.”). Thus, neither case reaches the question for which the majority seeks its support. Moreover, Durham, in finding lack of pretext, uses the St. Mary’s language to explain why failure to prove pretext would not permit a factfinder to find intentional discrimination. 18 F.3d at 840.[22]
Mitchell v. Data Gen. Corp., 12 F.3d 1310 (4th Cir.1993), another case cited by the majority,[23] also fails to address the question at issue in this case, because the plaintiff in Mitchell failed even to prove a prima facie case. Id. at 1317. Consequently, like the previous two cases, Mitchell does not lend any additional weight to the majority’s reasoning.
Lastly, I question the majority’s use of Anderson v. Baxter Healthcare Corp., 13 F.3d 1120 (7th Cir.1994), in support of its contention that the St. Mary’s language need not be followed,[24] when Anderson expressly adopts that language. After acknowledging that Hicks rejected an entitlement to judgment as a matter of law for proof of a prima facie case and pretext, Anderson continues:
The next logical question is whether the plaintiff may prevail, not automatically as a matter of law, but through submission of her case to the ultimate factfinder, under such circumstances [that is, prima facie case plus pretext].
Hicks answers this question in the affirmative. The Court explicitly states that the plaintiff may prevail in a discrimination case by establishing a prima facie case and by showing that the employer’s proffered nondiseriminatory reasons for her demotion or discharge are factually false.
13 F.3d at 1123-24.[25] Moreover, Anderson’s holding that “even if Anderson had proven that the employer’s stated reason, performance, was a pretext, and that plaintiff had been discharged to reduce salary costs, such facts would not establish age discrimination,” see maj. op. at 543, had nothing to do with the St. Mary’s standard. Instead, the holding related to the plaintiffs failure to provide proof supporting an inferential connection between salary cost reduction and age discrimination. 13 F.3d at 1125-26. Thus, the support upon which the majority in this case relies actually undercuts its reasoning and the foundation of its decision.
*553 IV
,, , , , T , j. For the reasons stated, I respectfully dissent.

. In order to properly exercise our appellate function, we view the evidence in the light most favorable to the jury verdict, that is, to Rhodes. See Boeing Co. v. Shipman, 411 F.2d 365, 374 — 75 (5th Cir.1969) (en banc).

. The parties stipulated that a magistrate judge would decide all issues except liability. Consequently, after the jury found that Guiberson Oil had discriminated against Rhodes, the magistrate judge dismissed Rhodes' case with prejudice because Rhodes, prior to bringing this action, failed to file a timely charge with the Equal Employment Opportunity Commission. Rhodes appealed the dismissal, contending that his suit was not time-barred. We agreed, reversed the magistrate judge’s decision setting aside the jury verdict, and remanded for a determination of damages. See Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876 (5th Cir.), cert. denied, - U.S. -, 112 S.Ct. 198, 116 L.Ed.2d 158 (1991) [hereinafter Rhodes /]. In so holding, we specifically noted that the question of whether the evidence supported the verdict was not before us. Id. at 878.

.This case was tried before the effective date of the 1991 amendments to the Federal Rules of Civil Procedure. Rule 50 now uses the term "judgment as a matter of law” for both a directed verdict and a JNOV.

. I.e., Guiberson conceded that (1) Rhodes was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was replaced by someone substantially younger within two months of his discharge.

.Compare Atkin v. Lincoln Prop. Co., 991 F.2d 268 (5th Cir.1993) (reversing jury verdict of age discrimination where defendant did not concede that plaintiff established prima facie case and plaintiff produced no evidence that defendant’s reason for terminating him was pretext for discrimination); Moore v. Eli Lilly Co., 990 F.2d 812 (5th Cir.) (upholding grant of summary judgment for defendant where plaintiff established prima facie case but failed to produce any evidence that defendant's explanation for its action was pretextual), cert. denied, - mU.S. -, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993).

. In fact, the majority’s recitation of the facts mirrors the statement of facts in Guiberson's brief almost verbatim. Compare maj. op. at 539-40 with Br. of Def.-Appellant at 4-7. Guiberson clearly did not construe the facts in its brief to favor Rhodes.

. See maj. op. at 540 (criticizing Rhodes for failing to provide evidence of discussions of his age by Guiberson management or other employees or documentation that Guiberson's decision related to his age).

. A plaintiff may use either direct or circumstantial evidence to prove a case of intentional discrimination. United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 n. 3, 103 S.Ct. 1478, 1481 n. 3, 75 L.Ed.2d 403 (1983). Because direct evidence is rare in discrimination cases, a plaintiff ordinarily uses circumstantial ■ evidence and inferences therefrom to satisfy her burden of persuasion. Davis v. Chevron U.SA., Inc., 14 F.3d 1082, 1085 (5th Cir.1994) (applying inferential test developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)).

. 1) Guiberson replaced Rhodes with a younger person; 2) Guiberson saved approximately $2,000 per month in salary costs by replacing Rhodes; and 3) “[o]n one occasion Jack Givens, a general manager, said to Lee Snyder, Rhodes' supervisor, that could 'hire two salesmen for what some of the others are costing me.’ " See maj. op. at 540.

. See Mitchell v. Data General Corp., 12 F.3d 1310, 1317 (4th Cir.1993) ("The evidence, however, that was offered to establish the prima facie case remains in the case, together with any evidence presented to show that the employer’s explanation was untrue or pretextual.’’); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 843 (1st Cir.1993) (“[T]he trier of fact may consider, along with other evidence, the evidence put forward to show that the employer’s justification for its adverse employment action was a pretext."), cert. denied, - U.S. -, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994).

. The majority buttresses its conclusion by citing “several ADEA cases decided previously in this circuit, [in which] it is clear that our circuit has not closed its eyes to situations in which this fundamental lack of evidence exists.” See maj. op. at 541 & n. 3 (citing Moore v. Eli Lilly & Co., 990 F.2d 812, 817 n. 24 (5th Cir.), cert. denied, - U.S. -, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993)). What the majority apparently closed its eyes to is that the same footnote in Moore to which it cites indicates that this circuit has also frequently found that sufficient evidence in a plaintiff's case was not lacking. See Moore, 990 F.2d at 817 n. 24 (citing successful cases, including Ramirez v. Allright Parking El Paso, Inc., 970 F.2d 1372, 1377 (5th Cir.1992); Lloyd v. Georgia Gulf Corp., 961 F.2d 1190, 1194-95 (5th Cir.1992); Walther v. Lone Star Gas Co., 952 F.2d 119, 122-24 (5th Cir.1992); Wilson v. Monarch Paper Co., 939 F.2d 1138, 1146-47 (5th Cir.1991); Normand v. Research Inst. of Am., Inc., 927 F.2d 857, 862-64 (5th Cir.1991); Young v. City of Houston, 906 F.2d 177, 182 (5th Cir.1990); DeLoach v. Delchamps, Inc., 897 F.2d 815, 818-19 (5th Cir.1990); Burns v. Texas City Ref., Inc., 890 F.2d 747, 749-51 (5th Cir.1989); Hansard v. Pepsi Cola Metro Bottling Co., 865 F.2d 1461, 1465-66 (5th Cir.), cert. denied, 493 U.S. 842, 110 S.Ct. 129, 107 L.Ed.2d 89 (1989); Uffelman v. Lone Star Steel Co., 863 F.2d 404, 407-08 (5th Cir.), cert. denied, 490 U.S. 1098, 109 S.Ct. 2448, 104 L.Ed.2d 1003 (1989)). Indeed, Moore also indicates that the failed cases to which the majority refers are “smaller" in number. 990 F.2d at 817 n. 24.

. - U.S. -, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

. See maj. op. at 542.

. St. Mary’s is consistent with our pre-Sf. Mary's cases allowing the jury to infer the fact of intentional discrimination from evidence establishing the plaintiff's prima facie case and proof that the defendant's proffered reason for its action was pretextual. E.g., Moore v. Eli Lilly & Co., 990 F.2d 812, 816 (5th Cir.) (noting that "if a plaintiff is able to demonstrate that the employer's facially legitimate, non-discriminatory reason for its action is pretext, the inference created by the prima facie case could well be the basis for a favorable verdict for the plaintiff”), cert. denied, - U.S. -, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993); id. at 817 n. 24 (collecting cases). To the extent the jury instruction given below arguably departed from our prior cases by allowing the juiy to infer discrimination solely from proof of pretext, Guiberson Oil waived any claim of error by not objecting to the juiy charge below. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1163 (5th Cir.1992).

. Many cases use Hicks, rather than St. Mary's, as the short form.

. — U.S. -, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993).

. See Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 957 n. 4 (5th Cir.1993) ("The Fifth Circuit ... has adopted the St. Mary's procedural roadmap for ADEA cases.”); see also Fields v. J.C. Penney Co., 968 F.2d 533, 536 n. 2 (5th Cir.1992) (referring to McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a Title VII case, as the basis for an ADEA analysis); Bienkowski v. American Airlines., Inc., 851 F.2d 1503, 1504 (5th Cir.1988) (adapting McDonnell Douglas to ADEA context).

. See - U.S. at -, 113 S.Ct. at 1706 (relying on, for example, United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); Furnco Constr. Corp. v. Waters, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978); International Bhd. of Teamsters v. United States, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); and McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), all of which are Title VII cases).

.The Court eventually remanded so that the Court of Appeals could determine if the plaintiff had proved this inference. Id. at-, 113 S.Ct. at 1708.

. See maj. op. at 542.

. See maj. op. at 542-43.

. The majority correctly states that Durham cites the St. Mary's language, but it neglects to explain the reason why the Tenth Circuit uses that language. See maj. op. at 543.

. See maj. op. at 543.

. See maj. op. at 543.

.The Seventh Circuit did suggest that although a prima facie case plus pretext would suffice to support a finding of intentional discrimination, "the plaintiff might be well advised to present additional evidence of discrimination, because the factfinder is not required to find in her favor simply because she establishes a prima facie case and shows that the employer's proffered reasons are false.” Anderson, 13 F..3d at 1124. The majority’s insistence that Rhodes' case is automatically insufficient without this additional evidence is the fundamental flaw in its rationale that compels me to dissent.