Mary P. DURHAM, Plaintiff,

v.

XEROX CORPORATION, a New York Corporation, doing business in the State of Oklahoma, Defendant.

No. CIV–92–92–L.

United States District Court, W.D. Oklahoma.

Oct. 29, 1992.

Lewis Barber, Jr., Barber & Marshall, Oklahoma City, OK, for plaintiff.

Gayle L. Barrett, Mark S. Grossman, Crowe & Dunlevy, Oklahoma City, OK, Carol Stephenson, Akin Gump Hauer & Feld, Dallas, TX, for defendant.

## ORDER

LEONARD, District Judge.

On January 15, 1992, plaintiff, Mary P. Durham, filed this action under 42 U.S.C. § 1981 against defendant, Xerox Corporation, alleging that defendant failed to promote her to the position of Controller of its Oklahoma City plant because of her race. She seeks equitable and injunctive relief, as well as compensatory and punitive damages. This matter is before the court on defendant's motion for summary judgment.

Summary judgment is appropriate if the pleadings, affidavits, answers to interrogatories and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. *Board of Education v. Pico*, 457 U.S. 853, 863, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e) (emphasis added). *See also, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citations omitted).

■ Defendant contends that it is entitled to judgment in its favor because plaintiff cannot prove an essential element of her claim: that the failure to promote her was due to purposeful race discrimination. Section 1981 provides that

[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens....

42 U.S.C. § 1981. The United States Supreme Court has held "that § 1981 can be violated only by intentional discrimination." *General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). Therefore, "plaintiff may avoid summary judgment only by producing specific evidence that [defendant's] actions were tainted by a discriminatory motive." *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir.1990).

■ Plaintiff has presented *no* evidence of discriminatory animus. In fact, the only evidence relevant to plaintiff's discrimination claim is that the position of Controller has been filled by Caucasian employees.

However, the burden placed upon the non-moving party at the summary judgment stage to demonstrate a *genuine* issue of fact goes beyond the burden of producing "some evidence." A reasonable jury could not find discriminatory purpose based on this evidence alone.

*Id.* (emphasis in original). Plaintiff's argument that the failure to post for the position of Controller discriminates against black employees does not demonstrate discriminatory intent. As a neutral employment practice, the failure to post is cognizable under § 1981 only if it has a disproportionate impact on minorities and then "only if that impact can be traced to a discriminatory purpose." *General Building Contractors Ass'n*, 458 U.S. at 390, 102 S.Ct. at 3149 (*quoting Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 272, 99 S.Ct. 2282, 2292, 60 L.Ed.2d 870 (1979)). "Disparate impact claims that do not 'raise a presumption of discriminatory purpose' are 'insufficient to sustain a cause of action under sections 1981 and 1983.'" *Drake v. City of Ft. Collins*, 927 F.2d 1156, 1162 (10th Cir.1991) (*quoting New Mexico ex rel. Candelaria v. City of Albuquerque*, 768 F.2d 1207, 1209 (10th Cir.1985)).

Plaintiff at all times bears the burden of proving that the failure to promote her was due to defendant's intentional discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *Drake*, 927 F.2d at

1162. As she has failed to make any showing on this essential element of her claim, defendant is entitled to summary judgment in its favor. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Defendant's Motion for Summary Judgment is GRANTED. In light of this ruling, defendant's Motion to Remove Case from Jury Docket is DENIED as moot.

It is so ordered.