**Mary P. DURHAM, Plaintiff–Appellant,**

v.

**XEROX CORPORATION, a New York corporation doing business in the state of Oklahoma, Defendant–Appellee.**

No. 92–6398.

United States Court of Appeals, Tenth Circuit.

Feb. 24, 1994.

Lewis Barber, Jr. (Guinise M. Marshall with him on the brief), Barber & Marshall, P.A., Oklahoma City, Oklahoma, for Plaintiff–Appellant.

Carol Stephenson, P.C., Akin, Gump, Strauss, Hauer & Feld, L.L.P., Dallas, Texas, for the Defendant–Appellee.

Before ANDERSON, BALDOCK, Circuit Judges, and KANE,* District Judge.

STEPHEN A. ANDERSON, Circuit Judge.

Mary Durham appeals both the district court's summary judgment for Xerox Corporation on her claim under 42 U.S.C. § 1981 and the court's denial of leave to amend her complaint to include a claim under 42 U.S.C. § 2000e. Because Durham has not offered sufficient evidence to support a finding that Xerox intentionally discriminated against her because of her race, we affirm the summary judgment. We also hold that the district court did not abuse its discretion by striking Durham's amended complaint, because Durham waited three months to amend without any explanation or apparent reason.

## BACKGROUND

Mary Durham has worked at Xerox's Oklahoma office since 1976 in various accounting jobs. In 1986 she became a senior financial analyst. In January, 1990, Xerox promoted a less senior white person to be controller of the Oklahoma office. Then about two years later the controller resigned, and Xerox gave the controller job to a less senior white woman from another office.[1] Xerox does not post vacancies for upper-level management positions like controller, so Durham could not formally apply. However, she told her superiors that she wanted to be the controller, and Xerox considered her for the job. Appellant's App. at 64–65, 81.

As a senior financial analyst, Durham's duties were the same as or similar to many of the controller's duties. However, her superiors felt that she was not qualified to be controller. Id. at 64–65, 78. Xerox claims that Durham did not have the required ten years experience in financial planning because she had only gathered data for others

to use in financial planning. See id. at 122, 125, 130–33, 186. Xerox also suggests that Durham was not qualified for the controller job because her interpersonal skills were insufficient. Id. at 80.

Durham claimed that Xerox did not promote her because of her race, in violation of 42 U.S.C. § 1981. Three months after the agreed deadline for amended pleadings, and almost three months after receiving a right-to-sue letter from the EEOC, Durham moved to amend her complaint to claim a violation of 42 U.S.C. § 2000e. The district court initially granted the motion, but then struck the amended complaint on Xerox's motion. Xerox subsequently moved for summary judgment, which the district court granted. Durham appealed both the summary judgment and the order striking her amended complaint.

## DISCUSSION

### I. Summary Judgment

We review de novo whether Xerox is entitled to summary judgment. See Thomas v. Wichita Coca–Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). We will affirm the summary judgment unless "the evidence, interpreted favorably to the plaintiff, could persuade a reasonable jury that the employer had discriminated against the plaintiff." MacDonald v. Eastern Wyoming Mental Health Ctr., 941 F.2d 1115, 1121–22 (10th Cir.1991) (quoting Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1570 (7th Cir.1989)); see also Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if

---

* The Honorable John L. Kane, Jr., Senior Judge, U.S. District Court for the District of Colorado, sitting by designation.

1. At oral argument, Durham's attorney said that her § 1981 claim only applied to the 1990 promotion decision, during which no one talked to her about the controller job or gave her a chance to compete for it. Durham's original complaint made no such distinction, alleging both pro-

motion decisions as grounds for relief under § 1981. Nor has Durham made this point at any time before oral argument. We therefore consider both promotion decisions, although it does not change the outcome. Durham cannot rely on disparate impact alone, and her disparate treatment claim is the same whether she was not given the job after some consideration or no consideration.

the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

▪ Durham says she sought relief on both disparate impact and disparate treatment theories, but she does not challenge the district court's rejection of her disparate impact claim. Xerox argues that Durham did not even plead a disparate treatment claim. Although Durham's complaint did not explicitly identify the elements of a disparate treatment claim, we think that she sufficiently pleaded disparate treatment. Nevertheless, Durham has not offered sufficient evidence to sustain her disparate treatment claim, so we affirm the summary judgment for Xerox.

▪ Only intentional discrimination may violate section 1981. *General Bldg. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). The allocation of burdens under Title VII applies to proving intentional discrimination under section 1981 as well. *Patterson v. McLean Credit Union,* 491 U.S. 164, 186, 109 S.Ct. 2363, 2377, 105 L.Ed.2d 132 (1989); *Drake v. City of Fort Collins,* 927 F.2d 1156, 1162 (10th Cir.1991). Therefore we would presume intentional discrimination if Durham had presented a prima facie case and Xerox had not rebutted that presumption by offering a legitimate nondiscriminatory reason for not promoting Durham. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973). However, Xerox has rebutted Durham's prima facie case by explaining that the successful candidates were more qualified than Durham.[2] Therefore we do not presume discrimination and we must decide whether Durham has offered sufficient evidence that a reasonable jury could find that Xerox intentionally discriminated against her. *St. Mary's Honor Ctr. v. Hicks,* — U.S. —, —, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993) (explaining that the pre-

sumption of discrimination "simply drops out of the picture" once rebutted by the employer, and the trier of fact then must decide the ultimate question of intentional discrimination); *Martin v. Nannie & the Newborns, Inc.,* 3 F.3d 1410, 1417–18 (10th Cir.1993).

▪ We agree with the district court that Durham has presented no direct evidence of discriminatory intent. *See Durham v. Xerox Corp.,* 846 F.Supp. 939, 940 (W.D.Okla.1992). Durham stresses that the job opening was not posted, but she neither alleges nor offers evidence to prove that the failure to post was intentionally discriminatory. She also claims that her superiors gave her artificially low ratings in her evaluations. However, she does not offer any evidence to suggest that they did so with discriminatory intent. Furthermore, she has not presented comparative evidence to show that her average ratings were inconsistent with Xerox's evaluations of others. She only says that she thinks she is better than average, and that she must be better than average because she has done her job and has not been fired during her sixteen years at Xerox. *See* Appellant's App. at 65–66, 179–80. Her disagreement with a subjective evaluation obviously does not prove discriminatory intent, and Xerox has shown that it retains and even promotes employees with average ratings. *See id.* at 72–73.

▪ Durham also tries to prove intentional discrimination indirectly by showing that she was more qualified than those promoted to the controller job. The district judge apparently ignored this evidence because he thought that it could not possibly prove discriminatory intent. However, proof that Durham was more qualified would disprove Xerox's only explanation for its actions, that Durham was less qualified than the successful candidates. Although a prima facie case combined with disproof of the employer's explanations does not prove intentional

---

**2.** Xerox's evidence supporting this legitimate explanation applies to both promotion decisions. Durham first complained about not being interviewed for the controller job in 1989, during the time that Xerox was making the first promotion decision, and Xerox officials told her then that

she wasn't qualified. Appellant's App. at 64–65. Xerox gave the same reason for the second promotion decision. Furthermore, the evidence of particular weaknesses in Durham's record applies just as much to the first promotion decision as to the second decision.

discrimination as a matter of law, it may permit the factfinder to infer intentional discrimination, and thus preclude summary judgment for the employer. *St. Mary's Honor Ctr.,* —— U.S. at ——, ————, 113 S.Ct. at 2749, 2751–52 ("The factfinder's disbelief of the reasons put forward by the defendant ... may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination...."); *see also Patterson,* 491 U.S. at 187–88, 109 S.Ct. at 2378–79; *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 714 n. 3, 717, 103 S.Ct. 1478, 1481 n. 3, 1483, 75 L.Ed.2d 403 (1983) ("The District Court erroneously thought that respondent was required to submit direct evidence of discriminatory intent...."); *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095.

Nevertheless, Durham has not offered sufficient evidence to support a finding that Xerox's stated reason was a pretext for discrimination.[3] Almost all of Durham's evidence would only support a finding that she was qualified for the controller job, not that she was more qualified than those promoted. She does assert that she was more qualified because she had more experience than those who got the job, but her own description of her experience supports Xerox's claim that her experience was only gathering financial data, not financial planning. *See* Appellant's App. at 122, 125, 130–33. Furthermore, she has produced no evidence of the successful candidates' experience to compare to her own. *See id.* at 62–63. Mere seniority does not support a finding that she was more qualified for a different job. Her only other comparative evidence is her testimony that she trained the controllers. *See id.* But this only shows that Durham had experience with some specific tasks that the controllers would have to perform, not that she generally had better evaluations, financial planning experi-

ence, interpersonal skills, management experience, conceptual skills, or organizational skills.

■■■ Xerox does not violate section 1981 by choosing better or even equally qualified white candidates over a qualified black candidate unless it did so with discriminatory intent. *Burdine,* 450 U.S. at 259, 101 S.Ct. at 1096. Durham has not produced sufficient evidence to support a finding that Xerox did not choose the successful candidates simply because they were better candidates. Without proof of pretext or direct evidence of discriminatory intent, Durham cannot meet her ultimate burden of proving intentional discrimination.

## II. Order Striking Amended Complaint

■■■ The district court initially granted Durham's motion to add a Title VII claim to her complaint, but granted a motion to strike the amended complaint after Xerox challenged the court's decision. We must sustain the district court's order unless the court abused its discretion. *Woolsey v. Marion Lab., Inc.,* 934 F.2d 1452, 1462 (10th Cir.1991).

■■■ The district court rejected Durham's amendment because she had not shown any cause for failing to add a Title VII claim earlier as directed by the scheduling order, and also because the amendment would prejudice Xerox. Appellant's App. at 44. Durham filed her amended complaint three months after the scheduling order deadline for such amendments, yet never explained the delay. This unexplained delay alone justifies the district court's discretionary decision. *See Woolsey,* 934 F.2d at 1462 (observing that district court may deny leave to amend for untimeliness alone); *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir.1990) ("Untimeliness alone may be a sufficient basis for denial of leave to amend.... [P]rejudice to

**3.** We disagree with Durham's suggestion that Xerox has conceded Durham's ability to prove pretext. Xerox has only said that it did not "seek summary judgment on the basis of Durham's inability ... to show ... pretext." Appellant's App. at 189. Xerox instead has argued simply that Durham's evidence is insufficient to support

a finding of intentional discrimination. Xerox incorrectly thought that proof of pretext could not prove intentional discrimination, but that does not mean it concedes Durham's ability to prove pretext. In fact, Xerox directly stated that it did not concede that Durham could prove pretext. *Id.*

the opposing party need not also be shown."). We therefore need not address Durham's claims that the amendment would not have prejudiced Xerox.[4]

We deny Durham's motion to supplement her brief because her original brief "adequately addressed the issues on appeal." *Castner v. Colorado Springs Cablevision,* 979 F.2d 1417, 1423 (10th Cir.1992). We AFFIRM summary judgment in Xerox's favor, and AFFIRM the district court's order striking Durham's amended complaint.

---

4. Durham's attorney raised three new issues at oral argument. For the first time, he tried to explain the delay. He also argued that Rule 12(f) prevented Xerox's motion to strike because it had already answered the motion, and that 42 U.S.C. § 2000e–5(f)(1) guarantees that Durham may file a complaint 90 days after receiving a right-to-sue letter. We disregard these arguments because Durham did not raise them before the district court or in her brief. *See White v. Commissioner,* 991 F.2d 657, 661 (10th Cir.1993) ("[W]e generally do not review matters raised for the first time on appeal."); *United States v. Osterlund,* 671 F.2d 1267, 1267 n. 2 (10th Cir.1982) ("Because this issue was raised for the first time during oral argument, we need not reach this issue on appeal."). However, we doubt that any of these arguments would change our decision even if we did consider them.