76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara DODD, Plaintiff-Appellant,
v.
RIVERSIDE HEALTH SYSTEM, INC., doing business as Riverside
Hospital, Defendant-Appellee.
 No. 95-3074.
 United States Court of Appeals, Tenth Circuit.
 Jan. 25, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[2]
 
 
 2
 Plaintiff Barbara Dodd appeals the district court's order granting summary judgment to defendant-appellee Riverside Health System, Inc. on her discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e to 2000e-17 and the Civil Rights Act of 1991, 42 U.S.C.1981. We have jurisdiction under 28 U.S.C. 1291 and we affirm.
 
 
 3
 Dodd developed medical complications during the seventh month of her pregnancy while employed as a registered nurse by Riverside. Dodd gave her supervisor a note from her physician stating that Dodd would need to begin her maternity leave immediately. The supervisor granted Dodd leave beginning the next day. Six weeks later, Dodd's supervisor contacted her to determine when she would be able to return to work. Dodd told her she did not know. Riverside discharged Dodd when she did not return to work at the end of six weeks.
 
 
 4
 Dodd claims that Riverside impermissibly discharged her because of her pregnancy in violation of the Pregnancy Discrimination Act, 42 U.S.C.2000e(k). "The Pregnancy Discrimination Act makes it clear that Title VII's prohibition against sex discrimination includes pregnancy, childbirth, and related medical conditions." Metz v. Merrill Lynch, Pierce, Fenner, & Smith, Inc., 39 F.3d 1482, 1491 n. 10 (10th Cir.1994).
 
 
 5
 In its motion for summary judgment, Riverside presented evidence that Dodd's termination was not motivated or influenced by her pregnancy, but because Dodd only had authorization to take six weeks of leave and she failed to request a longer medical leave. Riverside's personnel manual, which Dodd acknowledged receiving, permits employees to request sick leave for up to six weeks, but states that employees will be removed from payroll if they have not returned to work at the end of the six-week period. The manual also permits employees to request a medical leave of absence for up to three months.
 
 
 6
 In response, Dodd presented evidence suggesting that Riverside had approved her leave as the longer medical leave, rather than the six-week sick leave. She also presented evidence that Riverside did not always require formal, written requests before granting medical leave and had permitted another pregnant nurse to combine her sick and medical leave. However, because Dodd did not present evidence that Riverside treated her differently than any nonpregnant employee, the district court ruled that Dodd failed to establish a prima facie case of discrimination.
 
 
 7
 Dodd contends that the district erred in granting summary judgment because there are disputed issues of material fact. We review de novo whether defendant is entitled to summary judgment. Durham v. Xerox Corp., 18 F.3d 836, 838 (10th Cir.), cert. denied, 115 S.Ct. 80 (1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994)(quoting Fed.R.Civ.P. 56(c)), cert. denied, 115 S.Ct. 934 (1995).
 
 
 8
 A pregnancy discrimination claim is analyzed in the same manner as other cases filed under Title VII of the Civil Rights Act. EEOC v. Ackerman, Hood & McQueen, Inc., 956 F.2d 944, 947 & n. 2 (10th Cir.), cert. denied, 113 S.Ct. 60 (1992). If, as here, a plaintiff's claim is based upon a disparate treatment analysis in reliance upon indirect evidence, she must first meet her initial burden of establishing a prima facie case of discrimination. Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). "At the summary judgment stage, it then becomes the plaintiff's burden to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual-i.e. unworthy of belief." Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir.1995). If the plaintiff succeeds both in making out a prima facie case of discrimination and in showing that defendant's reasons are pretextual, plaintiff's claim will withstand summary judgment. Id.
 
 
 9
 A plaintiff asserting a pregnancy discrimination discharge claim under Title VII can establish a prima facie case by showing that: (1) she belongs to the protected class; (2) she was qualified for the position or satisfactorily performed the duties required of the position; (3) she suffered an adverse effect on her employment; and (4) her position remained open and was ultimately filled by a nonpregnant employee, or that the discharge occurred in other circumstances giving rise to an inference of unlawful discrimination, such as evidence that the employer treated plaintiff differently than similarly situated nonpregnant employees. See McDonnell Douglas, 411 U.S. at 802; Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); see also Ackerman, 956 F.2d at 947-48.[3]
 
 
 10
 Dodd failed to present any evidence giving rise to an inference of unlawful discrimination. She presented no evidence that she was replaced by someone who was not pregnant or that Riverside's application of its work and disciplinary rules in her case differed from its application to nonpregnant workers.
 
 
 11
 Riverside presented a legitimate, nondiscriminatory reason for Dodd's termination: her failure to return to work at the expiration of her six-week sick leave. Even if Dodd had presented a prima facie case, she did not rebut Riverside's explanation by showing that there is a genuine dispute of material fact as to whether Riverside's explanation was a pretext. Dodd presented no evidence that Riverside applied its leave policies differently with respect to nonpregnant employees than it treated Dodd or other pregnant employees. Indeed, Dodd admitted it was "uncontroverted" that Riverside provided the benefits of the sick leave and medical leave policies to eligible employees regardless of the medical reason for their leave and that her supervisor did not treat her differently from other employees who requested leave for any medical reason. Appellee's Supplemental App. at 11, 123.
 
 
 12
 Moreover, Dodd's evidence that Riverside allowed another pregnant employee to combine her sick leave and medical leave for her pregnancy does not support Dodd's assertion that Riverside applied its leave policy in a differential manner. The other nurse had specifically requested both sick and medical leave, unlike Dodd, whose leave request was at best ambiguous. This evidence only serves to undercut Dodd's allegation that Riverside discriminated against pregnant employees.
 
 
 13
 The disputed issues raised by Dodd only go to the question of whether she was treated unfairly, not whether she was discriminated against. Neither the Pregnancy Discrimination Act nor Title VII prohibit unfair treatment in general, only unfair treatment based on one of the protected classifications. Thus, the district court did not err in granting summary judgment in favor of Riverside.
 
 
 14
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Appellant's motion to submit a supplemental appendix with her reply brief including information she obtained after filing her brief is denied. This court will not review documents not before the district court when the ruling appealed from was made. Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1549 n. 1 (10th Cir.1992)
 
 
 [3]
 The district court adopted an overly narrow formulation of what is required to make out a prima facie case, requiring plaintiff to present evidence that a nonpregnant employee had been treated more favorably as a required element of a prima facie case. Such evidence would certainly be sufficient to establish a prima facie case, and would be "[e]specially relevant" to show pretext if the defendant proffers a legitimate, nondiscriminatory reason for the action. McDonnell Douglas, 411 U.S. at 804. However, our statement in Ackerman that the Pregnancy Discrimination Act "requires courts to inquire whether the employer treats pregnancy or pregnancy-related conditions differently than other medical conditions," 956 F.2d at 948, does not mean that such comparison evidence is the only means of establishing a prima facie case