82 F.3d 425
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald L. CORDOVA, Plaintiff-Appellant,
v.
John DOES or other unnamed and unknown agents of Arkansas
Valley Correctional Facility, or agents of the
State of Colorado, individually and in
their official capacities,
Defendants-Appellees.
 No. 95-1243.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BRISCOE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Ronald L. Cordova appeals from the district court's order granting summary judgment for defendants-appellees on plaintiff's civil rights complaint pursuant to 42 U.S.C.1983. We have jurisdiction, and affirm.
 
 
 3
 Plaintiff complains that defendants were deliberately indifferent to his medical needs, in violation of his Eighth Amendment rights. He further claims that defendants opened, copied, and censored his mail, in violation of his First Amendment rights.
 
 
 4
 We review de novo whether defendants are entitled to summary judgment. Durham v. Xerox Corp., 18 F.3d 836, 838 (10th Cir.), cert. denied, 115 S.Ct. 80 (1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 5
 The magistrate judge assigned to this case, in a comprehensive and well-reasoned decision, recommended that the district court grant defendants' motion for summary judgment on all of plaintiff's claims. The following is a summary of the magistrate judge's rationale:
 
 
 6
 1. There was no evidence of injury caused by improper or delayed treatment.
 
 
 7
 2. Plaintiff received medical care from physicians. His disagreement with diagnoses made by the physicians did not create a dispute of material fact which would prevent the entry of summary judgment for defendants because plaintiff's disagreement with his physicians is not evidence of his physicians' indifference to his serious medical needs.
 
 
 8
 3. Plaintiff had abandoned his claim concerning exposure to hepatitis.
 
 
 9
 4. Plaintiff's medical diet was terminated because he missed several meals. The Colorado Department of Corrections (CDOC) would have reinstated the diet if plaintiff had been willing to comply with a simple requirement that he sign a one-page agreement and promise to comply with the prescribed diet.
 
 
 10
 5. The two letters to plaintiff's sons were placed in the mail by prison authorities as evidenced by the postmarks on the letters. The return of these two letters by postal authorities does not indicate wrongdoing by the CDOC.
 
 
 11
 6. Prison officials may read and copy an inmate's incoming personal mail.
 
 
 12
 7. An inmate is not entitled to free postage for personal mail.
 
 
 13
 The district court overruled plaintiff's objections to the magistrate judge's recommendation and granted summary judgment for defendants.
 
 
 14
 Having reviewed the briefs of the parties, the record on appeal and the applicable law, we agree that summary judgment was properly granted for the defendants. We therefore affirm the district court's order granting summary judgment to the defendants, for substantially the same reasons as those contained in the magistrate judge's recommendation of May 3, 1995, adopted by the district court.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3