**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BEATRICE A. ARMENDARIZ,

     Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER, a
municipal corporation; THE OFFICE OF
EMPLOYEE ASSISTANCE, a
Department of the Executive Branch of
the government of the City and County of
Denver; ANDREW WALLACH,
individually and in his official capacity as
the Assistant to the Mayor of the City and
County of Denver; CHRISTOPHER
WEIMER, individually and in his capacity
as the Director of the Office of Employee
Assistance,

     Defendants-Appellees.

No. 99-1006
(D.C. No. 97-WY-2657-CB)
(District of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **ROGERS**, Senior District Judge[**].

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Richard D. Rogers, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

Beatrice A. Armendariz ("Ms. Armendariz") brought suit in the United States District Court for the District of Colorado against her erstwhile employer, the City and County of Denver, Andrew Wallach, assistant to the Mayor of Denver, and Christopher Weimer, director of the Office of Employee Assistance for Denver, alleging numerous violations of the Civil Rights Act of 1866, 42 U.S.C. §1981; the Civil Rights Act of 1871, 42 U.S.C. §1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* as amended by the Civil Rights Act of 1991; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq.*; and the Americans with Disabilities Act, 42 U.S.C. §12101 *et .seq.*

In her complaint, Ms. Armendariz described herself as a "forty-six year old female citizen of the United States of Mexican-American and Native American descent who, during the times relevant to this complaint, suffered from the mental maladies of depression and situational anxiety disorder." The defendants in due time filed an answer and an amended answer to the complaint. Discovery ensued. Thereafter the defendants filed a motion for summary judgment alleging, *inter alia*, that there was no genuine issue of material fact. In support thereof, defendants filed a 255 page memorandum brief which included extended excerpts from depositional testimony and numerous affidavits. Ms. Armendariz filed a 105 page brief in opposition to the motion for summary judgment, with numerous attachments, to which the defendants filed a 31 page reply

brief. After oral argument, the district court in a 28 page order granted defendants' motion for summary judgment and dismissed all claims with prejudice. In so doing, the district court carefully analyzed the evidentiary matter before it, concluding that as to certain claims there was no adverse employment action and holding that, as to other claims, even assuming that Ms. Armendariz had made a prima facie showing, the defendants had articulated legitimate non-discriminatory reasons for their adverse employment actions and that Ms. Armendariz had failed to show pretext. Ms. Armendariz, incidentally, was eventually terminated.

The facts of the case are fully set forth in the district court's unpublished order and need not be set forth here, since the facts are not really in dispute. In his brief, counsel for Ms. Armendariz describes the "Issues Presented for Review" on appeal as follows:

> The issues presented for review by this Court are: (1) whether the plaintiff-appellant presented sufficient evidence of pretext to create genuine issues of material fact regarding the defendant-appellee's proffered explanations for the adverse employment actions taken against the plaintiff-appellant and (2) whether the district court erred in granting the defendant-appellee's motion for summary judgment. Since these two issue are inextricably interwoven, the plaintiff-appellant will make one argument which is applicable to both.

Also in his brief for Ms. Armendariz, counsel's "Summary of the Argument", in its entirety, reads as follows:

> The plaintiff submits that she presented sufficient

evidence of pretext to the court below to overcome the defendants' articulated reasons regarding the adverse employment actions of which she complained thus creating genuine issues for determination by a jury.

From the foregoing we conclude that the only issue in this appeal is whether in granting summary judgment for the defendants the district court erred in holding that Ms. Armendariz failed to make a sufficient showing that the defendants' articulated non-discriminatory reasons for their adverse employment actions were, in fact, not their true reasons and were, indeed, pretextual.[1]  In this regard, in *Cone v. Longmont United Hospital Ass'n*, 14 F.3d 526, 529 (10th Cir. 1994), we spoke as follows:

> If the plaintiff satisfies the prima facie requirements under the ADEA, then the case enters the next stage.  In this second stage, the burden of production moves to the defendant.  The defendant has to present a legitimate nondiscriminatory reason for its action.  If the defendant articulates a legitimate, nondiscriminatory reason for its action, then the burden of persuasion moves back to the plaintiff.  In this third stage of the discrimination analysis, the plaintiff must show that age was a determinative factor in the defendant's employment decision, or show that the defendant's explanation for its action was merely pretext.  Failure to come forward with evidence of pretext will entitle the defendant to judgment (citations omitted).

_____

[1]At oral argument, counsel raised certain matter that was not raised in Ms. Armendariz' brief.  We generally do not consider issues raised for the first time in oral argument and which were not raised in the briefs. *Thomas v. Denny's, Inc.,* 111 F.3d 1506, 1510 n.5 (10th Cir.) *cert. denied,* 522 U.S. 1028 (1997), *citing Durham v. Xerox Corp.,* 18 F.3d 836, 841 n.4 (10th Cir.) *cert. denied,* 513 U.S. 819 (1994).  Other matter, though casually mentioned in Ms. Armendariz' brief, was not "adequately briefed," and is therefore deemed waived. *Gross v. Burggraf Const. Co.,* 53 F.3d 1531, 1547 (10th Cir. 1995).

And in the very recent case of *Perry v. Woodward,* 199 F.3d 1126, 1135 (10th Cir.

1999), we stated:

> A plaintiff relying on McDonnell Douglas bears the initial burden of establishing a prima facie case by a preponderance of the evidence. One way a plaintiff may establish a prima facie case of wrongful termination is by showing that: (1) she belongs to a protected class; (2) she was qualified for her job; (3) despite her qualifications, she was discharged; and (4) the job was not eliminated after her discharge. If the plaintiff establishes her prima facie case, a rebuttable presumption arises that the defendant unlawfully discriminated against her. The defendant must then articulate a legitimate, nondiscriminatory reason for the adverse employment action suffered by the plaintiff. If the defendant is able to articulate a valid reason, the plaintiff can avoid summary judgment only if she is able to show that a genuine dispute of material fact exists as to whether the defendant's articulated reason was pretextual (citations omitted).

Our study of the present record leads us to conclude that the district court did not

err in holding that Ms. Armendariz failed to show that the defendants proffered reasons

for their adverse employment actions, which reasons Ms. Armendariz apparently

concedes were facially legitimate non-discriminatory reasons, were "pretextual". On this

basis, we affirm.

Judgment affirmed.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

- 5 -