**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRICE A. McCLENDON,

      Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER, a
municipal corporation,

      Defendant-Appellee.

No. 99-1428
(D.C. No. 97-D-409)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, **McWILLIAMS**, Circuit Judge, and **MURPHY,** Circuit
Judge.

Brice McClendon ("McClendon"), a long time employee of the City and County of

Denver ("City") was terminated on August 23, 1996.  He later brought suit in the United

States District Court for the District of Colorado against the City, alleging that in

terminating his employment the City violated the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101, *et seq.*  On August 23, 1999, the district court entered

summary judgment in favor of the City, holding that McClendon was not "disabled"

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

within the meaning of the Act and, alternatively, that the City had made reasonable "accommodation" offers which McClendon refused. McClendon appeals the district court's order thus entered. Some chronology of this case is necessary in order to show the present posture of the matter.

A second amended complaint was filed on October 14, 1998, wherein McClendon alleged, *inter alia,* that he was purportedly terminated because he could no longer operate a 90-pound jackhammer which was essential to his job.[1] (McClendon had suffered an on-the-job back injury and as a result thereof was under a permanent medical restriction that he lift no more than 75 pounds.)

In response to the original complaint, the City on August 31, 1998, filed a motion for summary judgment, claiming that McClendon was not disabled under the Act "because as a matter of law a lifting restriction of 75 pounds does not render one disabled." McClendon filed a response thereto.

On January 5, 1999, the district court denied the City's motion for summary judgment. In so doing, the district court commented as follows:

> And because of that, I'm not going to grant summary
> judgment. I mean I think this is a case where the jury needs to
> decide if in fact Mr. McClendon is disabled. I'm not saying
> he is disabled. But I'm saying there are genuine issues of
> material fact as to that issue such that I just cannot and will

---

[1]McClendon was assigned to a manhole adjusting crew, which raised or lowered manhole covers to ensure that the covers were level with the surface of the street.

not grant summary judgment.

On July 1, 1999, the City filed a motion asking the district court to reconsider its order of January 5, 1999, alleging that under such cases as *Poindexter v. Atchison, Topeka & Santa Fe Railway Co.,* 168 F.3d 1228 (10th Cir. 1999), the question of whether a claimed affliction amounts to a "disability" under the Act is a question of law to be decided by the court, and not a jury. On the same date, the City also filed a motion for leave to file a second motion for summary judgment based on the recent case of *Smith v. Midland Brake, Inc.,* 180 F.3d 1154 (10th Cir. 1999). The latter motion was granted and a second motion for summary judgment was filed on July 7, 1999. After briefing, the district court, at a hearing held on July 23, 1999, granted the City's motion to reconsider and granted the City's second motion for summary judgment. The district court asked counsel for the City to prepare an appropriate order and "show it" to opposing counsel.

On August 20, 1999, counsel for the City filed in the district court a proposed memorandum opinion and order, which the district court signed on August 23, 1999. In that order the district court held that the 75-pound lifting restriction, standing alone, did not establish that McClendon was "disabled" within the Act, and, alternatively, that, even assuming McClendon was "disabled," the City had reasonably tried to accommodate McClendon, but that the latter refused its accommodation offers. That is the judgment from which McClendon now appeals.

Counsel filed his opening brief in this court on April 20, 2000. In that brief

counsel did not challenge the district court's holding that McClendon was not "disabled" within the meaning of the Act. Rather, he only challenged the district court's alternative holding that even assuming "disability" under the Act, the City had afforded McClendon "reasonable accommodation" which he rejected. Specifically, counsel argues in his opening brief that the district court "misapplied" *Smith v. Midland Brake,* that the City had not shown that utilizing a 90-pound jackhammer was essential to his position as a senior utility worker in the Wastewater Management Division, and accordingly the City had not shown, as required by *Midland Brake*, that he could have been reasonably accommodated in his existing job, which the City must do before looking for, and offering, alternative positions with the City.

In its answer brief filed May 22, 2000, counsel for the City argues, *inter alia,* that since McClendon has not challenged the district court's holding that he was not "disabled" within the meaning of the Act, we need not reach the issue of "reasonable accommodation" by the City, that is, "if one is not disabled, one cannot claim that he was not reasonably accommodated under the ADA."

In a reply brief filed in this court on June 7, 2000, counsel still did not challenge, as such, the district court's primary holding that McClendon is not "disabled" within the Act. In that brief counsel suggests that the transcript of the hearing held on July 23, 1999 concerning the City's motion to reconsider the district court's earlier order of January 5, 1999, and its additional motion for leave to file a second motion for summary judgment is

inconsistent with the district court's written memorandum opinion and order of August 23, 1999. In this latter connection counsel states that although in its written order of August 23, 1999, the district court did hold that McClendon was not disabled within the meaning of the Act, it did not so state at the hearing held on July 23, 1999, and suggests that counsel in preparing, at the court's request, a proposed order went "beyond" what the court had verbally announced from the bench on July 23, 1999. In this regard, McClendon's notice of appeal is directed to the district court's written order of August 23, 1999, which, as indicated, was prepared by counsel for the City and later signed by the judge. Counsel states that he did not receive a copy of the proposed memorandum opinion and order until the evening before it was submitted to the court, which the judge then signed three days later.[2] Counsel agrees that he filed no objections to the proposed memorandum opinion and order either before, or after, the judge signed it. He simply filed a timely notice of appeal.

At oral argument, it appeared, though we are not certain, that counsel's initial argument was that the district court erred in holding that McClendon was not "disabled" within the meaning of the Act, and directed little of his argument to the issue relied on in

---

[2]In the City's submission to the district court of the proposed memorandum opinion and order counsel advised the court that she was "uncertain" as to how to address the question of whether McClendon was "disabled" under the meaning of the Act. However, counsel noted that the district court had granted the City's motion to reconsider its earlier ruling and asked the district court to accept the City's "analysis" of that issue, which, as indicated, the district court did.

his briefs, namely, that the City should have tried to "reasonably accommodate" McClendon in his regular job assignment before offering other employment with the City. Counsel for the City in response argued that under the circumstances, counsel for McClendon had waived his right to challenge the district court's ruling on the disability question and that such being the case we do not need to reach the accommodation issue.

We agree with the City that counsel for McClendon did not challenge the district court's holding on the disability issue in either his opening or reply brief filed with this court. Fed. R. App. P. 28 reads as follows:

> Rule 28. Briefs
>  (a) Appellant's Brief. The appellant's brief must contain, under appropriate headings and in the order indicated:
>  . . . .
>  (9) the argument, which must contain:
>  (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and
>  (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues).

In *Headrick v. Rockwell International Corp.,* 24 F.3d 1272, 1277 (10th Cir. 1994), we recognized the general rule that "appellate courts will not entertain issues raised for the first time on appeal in an appellant's reply," with supporting citations of authority. In accord therewith, see *Bledsoe v. Garcia,* 742 F.2d 1237, 1244 (10th Cir. 1984), where we said that since plaintiffs "have failed to argue this issue in their consolidated brief, they are deemed to have waived this contention on appeal, and the order challenged in No. 81-

2336 must be affirmed." In our view, in the instant case the "disability" issue was not raised even in the reply brief, and was for the first time alluded to at oral argument.

Not having challenged the district court's holding that McClendon was not disabled within the meaning of the Act in the briefs filed in this court, counsel may not raise that issue for the first time in oral argument. An argument raised for the first time at oral argument "comes too late." *Thomas v. Denny's, Inc.,* 111 F.3d 1506, 1510 n.5 (10th Cir. 1997) (citing *Durham v. Xerox Corp.,* 18 F.3d 836, 841 n.4 (10th Cir. 1994)). Indeed, in *Gross v. Burggraf Construction Co.,* 53 F.3d 1531, 1547 (10th Cir. 1995), we said that an issue, though mentioned in the brief but not "adequately briefed," is deemed waived.

Accordingly, since the issue of whether McClendon is "disabled" within the meaning of the Act has not been properly raised on appeal, the district court's resolution of that matter stands, and is dispositive of the appeal. In its brief, and again at oral argument, appellee requests that it be reimbursed for attorney's fees incurred on appeal. That request is denied.

Judgment affirmed.

                                        Entered for the Court,

                                        Robert H. McWilliams
                                        Circuit Judge