**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL LEE STROPE, also known
as Gordon Strope,

      Plaintiff-Appellant,

ALAN KINGSLEY,

      Plaintiff,

v.

JIM COLLINS, Mail Review Officer,
Lansing Correctional Facility;
DAVID R. MCKUNE, Warden,
Lansing Correctional Facility;
WILLIAM CUMMINGS, Secretary of
Corrections Designee,

      Defendants-Appellees.

No. 08-3188
(D.C. No. 5:06-CV-03150-JWL-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellant Michael Lee Strope, a prison inmate proceeding pro se, appeals from the district court's dismissal of this 42 U.S.C. § 1983 lawsuit, which challenges a Kansas Department of Corrections ("KDOC") mail censorship regulation banning "sexually explicit materials." We affirm.[1]

I.

Kansas Administrative Regulation 44-12-313 provides that no inmate within KDOC custody shall possess any "sexually explicit materials," which is defined in part as any picture "contain[ing] nudity," if its purpose is "sexual arousal or gratification." R. Doc. 19-6 at 1. As relevant to this appeal, the regulation defines nudity as "the depiction or display of any state of undress in which the human . . . buttock . . . is less than completely and opaquely covered." *Id.* Enforcing this regulation, defendants, all KDOC employees, withheld from Strope various magazines to which he subscribed because they contained images of scantily clad women revealing their partially bare buttocks. In May 2006, Strope filed this action under 42 U.S.C. § 1983, alleging violations of his First Amendment right to receive information while in prison.[2] He claimed the regulation's definition of nudity was overly broad and that the regulation itself was invalid because it served no valid penological purpose.

---

[1]    Our jurisdiction derives from 28 U.S.C. § 1291.

[2]    Strope also brought claims under the Eighth and Fourteenth Amendments, but his appeal does not challenge the district court's dismissal of those claims.

The defendants first moved to dismiss the complaint in October 2006, claiming qualified immunity as to the First Amendment claim, but the district court rejected the argument, finding Strope had asserted a constitutional violation. Shortly thereafter, on March 1, 2007, the defendants moved for summary judgment on the same grounds. They attached the offending photographs and affidavits from defendants Jim Collins, who was responsible for censoring the publications, and William Cummings, who reviewed Strope's grievance appeals. The district court denied the motion, however, finding the record insufficiently developed on the issue of whether the challenged regulation served a legitimate penological interest under *Turner v. Safley*, 482 U.S. 78 (1987).[3] Responding to the court's concerns, the defendants submitted a second motion for summary judgment on March 10, 2008, this time attaching an affidavit from Roger Werholtz, Secretary of KDOC, who promulgated the challenged regulation. Werholtz testified that "depictions of nudity in any form generally tend to disrupt the overall security of a correctional facility." R. Doc. 100-2 at 2. He specified

---

[3]    In *Turner*, the Supreme Court held "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. at 89. It instructed lower courts to consider the following factors in determining the validity of a challenged regulation: (1) whether there is "a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it," *id.* (quotation omitted); (2) "whether there are alternative means of exercising the right that remain open to prison inmates," *id.* at 90; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and the allocation of prison resources generally," *id.*; and (4) whether there are ready alternatives to the challenged regulation.

such depictions can be used to harass staff members and he noted male inmates, in particular, who receive pictures of bare male buttocks are at risk of violent homophobic attacks. Finally, Werholtz claimed the regulation was a necessary tool in managing and treating the sex offender inmate population.

On June 12, 2008, the district court issued an order granting the defendants' second motion for summary judgment and dismissing the case. The court acknowledged Strope's First Amendment right to receive information while in prison, but explained that he, as the plaintiff, bore the burden of disproving the validity of the regulation infringing that right. After carefully considering the record in light of *Turner*, it concluded he had failed to do so. Most importantly, for purposes of this appeal, the district court refused to invalidate the regulation simply because its definition of nudity banned a broader range of materials than censorship regulations at other facilities. And it concluded Strope failed to identify any obvious, easy alternatives that would accommodate his First Amendment rights at a de minimis cost to the prison's legitimate interest in institutional security. Here Strope argues primarily that the regulation is unreasonable and its definition of nudity an exaggerated response to prison concerns. He also challenges a magistrate judge's order denying his request to amend the complaint, which we discuss in greater detail below.

II.

A.    Summary Judgment

"We review de novo the grant of summary judgment to determine whether any genuine issues of material fact were in dispute and, if not, whether the district court correctly applied the substantive law at issue." *Zurich Am. Ins. Co. v. O'Hara Reg'l Ctr. for Rehab.*, 529 F.3d 916, 920 (10th Cir. 2008).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

There are no significant differences between Strope's appellate arguments and those asserted in the trial court, except for his attack on the Werholtz affidavit, which, he claims, only illuminates the defendants' exaggerated response to prison concerns.  We are not entirely sure what this means, but it appears to be another take on his challenge to the regulation's definition of nudity as overbroad. The district court addressed this argument, and all the others, in three comprehensive and well-reasoned opinions, the last of which parsed the evidence in exhaustive detail before concluding the defendants' conduct passed constitutional muster.  We cannot improve on the district court's excellent analysis and, accordingly, affirm the summary judgment for substantially the

same reasons set forth in the Court's Memorandum and Order, dated June 12, 2008.

B.      Motion to Amend

After consulting with Strope and the defendants, the district court imposed a scheduling order under Federal Rule of Civil Procedure 16(b), which set a deadline of September 4, 2007, for the filing of motions to join additional parties or otherwise amend the pleadings. On November 21, 2007, two months beyond this deadline, Strope moved to amend his complaint. While he did not provide a reason for his tardy application or attach a proposed amendment, he did describe generally the nature of his additional claims, which appeared to center on alleged misconduct by defense counsel, Trevin Wray. Strope accused Wray of conspiring with the defendants to unconstitutionally seize additional magazines and personal items, including some of the exhibits and legal materials he was using to prosecute this lawsuit. Construed liberally, the motion could be read as a request to add a retaliation claim since Strope accused the defendants and Wray of escalating their allegedly unconstitutional behavior shortly after losing their first summary judgment motion in June 2007.

The motion to amend was denied by order of a magistrate judge on January 8, 2008, because the magistrate concluded Strope had failed to demonstrate good cause to amend the scheduling order under Rule 16(b)(4). The basis for Strope's appeal of this decision is unclear, although he appears to complain generally

about what he views as the district court's failure to manage the defendants during the litigation. In the only part of his brief specifically addressing the denial of his motion to amend, he argues "the court abused [its] discretion and shown [sic] extreme favortism [sic] to the defendants which created extreme prejudice to the plaintiffs when he denied the Motion for Leave to File an Amended/Supplemental Claims [sic] to include on-going unlawful seizure of publication [sic], and an ongoing denial of due process." Aplt. Br. at 3D. The defendants claim the issue is waived because Strope failed to object to the magistrate judge's order, but in any event it was not an abuse of discretion. We reject the waiver argument, but agree there was no abuse of discretion in denying the motion.

Regarding waiver, Rule 72(a) provides "[a] party may not assign as error a defect in [a magistrate's] order not timely objected to." We have a firm waiver rule, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005), but it does not apply when "a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object." *Id.* The magistrate neglected to include in his January 8, 2008, order the customary language advising Strope of his right to object and warning him that failure to do so would waive appellate review. Therefore, we do not apply the firm waiver rule in this case.

We review the district court's denial of a motion to amend the complaint for an abuse of discretion. *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). Under this standard, we will not reverse absent "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quotation omitted). The district court's decision in this case was grounded in its finding that Strope failed to show good cause for modifying the scheduling order under Rule 16(b)(4).[4] This was not an abuse of discretion. Demonstrating good cause under the rule "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Id.* The record in this case supports the district court's finding that Strope failed to even "address the untimeliness of the motion [to amend]." R. Doc. 90 at 3. It also reveals he was aware of any potential retaliation claims before the September 4, 2007, deadline — he complains repeatedly about the alleged seizure of his legal materials on October 4, 2007, which obviously occurred after the deadline, but he

---

[4] We note this circuit has not yet decided "whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). Neither party raised this issue, however, and the district court's denial under Rule 16 as opposed to Rule 15 does not affect our disposition. Strope's failure to provide any excuse for his delay justified the denial of his motion to amend as a matter of law. *See, e.g., Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision.").

also accuses the defendants of beginning the retaliation much earlier: "[A]ll of a sudden after defendants were not able to dispose of this case on Summary Judgment back in June, 2007, shortly after, both plaintiffs were retaliated against . . . all in the same time-frame, August - October, 2007[.]" *Id.* Doc. 88 at 3. By Strope's own admission, the alleged retaliation occurred, or at least began, in time for him to amend his complaint to add such a claim. Given this, and Strope's failure to specifically address good cause on appeal, we hold the district court acted within its discretion in denying his motion to amend.

The judgment of the district court is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge