FILED
United States Court of Appeals
Tenth Circuit

January 27, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RODNEY K. TADLOCK,

      Plaintiff - Appellant,

v.

ANTHONY FOXX, Secretary of the
Department of Transportation, .∗

      Defendant – Appellee.

No. 14-3088
(D.C. No. 2:12-CV-02148-JAR-JPO)
(D. Kansas)

---

**ORDER AND JUDGMENT**∗∗

---

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

---

Mr. Rodney Tadlock worked for the Department of Transportation as an air traffic

controller.   In this job, Mr. Tadlock had to comply with federal health regulations.

---

∗      When the action began, the Secretary of the Department of Transportation was Ray
LaHood.   But, while the action remained pending, Mr. LaHood was replaced by Anthony
Foxx.   Because the Secretary is sued in his official capacity, we substitute Mr. Foxx for
Mr. LaHood.   *See* Fed. R. App. P. 43(c)(2).

∗∗      This order and judgment does not constitute binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.   But, under some
circumstances, citation may be permissible under Fed. R. App. P. 32.1(a) and 10th Cir. R.
32.1(A).

*Tadlock v. LaHood*, 550 F. App'x 541, 543 (10th Cir. 2013) (unpublished).   That did not

pose a problem until Mr. Tadlock had a recurrence of sinusitis and required surgery.   In

the aftermath, Mr. Tadlock perceived mistreatment and he filed a discrimination charge

with the Equal Employment Opportunity Commission.

At some point, the Department of Transportation asked Mr. Tadlock for medical

records and denied him permission to move from an evening shift to a morning shift.   To

Mr. Tadlock, these actions constituted retaliation for the EEOC charge, leading him to sue

under the Rehabilitation Act of 1973.   The district court granted summary judgment to the

defendant, and we upheld that ruling on appeal.

In addition to appealing, Mr. Tadlock moved to vacate the summary judgment

award and filed two amended complaints and two amended responses to the summary

judgment motion.   The district court denied the motion to vacate and struck the amended

documents.   With these rulings, Mr. Tadlock appealed again.   We affirm.[1]

## I.     Denial of the Motion to Vacate

The district court did not err when it denied the motion to vacate the summary

judgment ruling.

---

[1]      The parties have not requested oral argument; thus, the Court has decided the appeal based on the briefs.

## A. Standard of Review

Mr. Tadlock's motion was based on Fed. R. Civ. P. 60(b)(1) and (6). Under Rule 60(b)(1), vacatur is available for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) provides four other situations in which vacatur may be available, adding a catch-all in Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Vacatur of the summary judgment ruling would involve an extraordinary remedy and would be available only in exceptional circumstances. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). The district court concluded that the circumstances did not warrant vacatur of the judgment, and we review that ruling under an abuse-of-discretion standard. *Id.* We conclude that the district court acted within its discretion in denying Mr. Tadlock's motion.

## B. New Allegations

On appeal, Mr. Tadlock argues in part that the district court and Department of Justice committed misconduct. This argument is invalid for two reasons: (1) it was not raised in district court, and (2) it is unsupported.

We need not consider arguments raised for the first time on appeal. *See Valdez v. Squier*, 676 F.3d 935, 950 (10th Cir. 2012). In part because Mr. Tadlock did not raise this argument in district court, we decline to reverse on this ground. But, reversal would be inappropriate anyway because Mr. Tadlock has not provided any evidence of misconduct by the district court or the Department of Justice.

Mr. Tadlock makes four strong allegations against the district court:

1. The record contained evidence of illegal activity by the Department of Justice, and the district court removed that document from the record.[2]

2. The district court deleted all other evidence of governmental wrongdoing from the record.

3. The district court did not allow truth into the record.

4. The district judge was partial.

Both in district court and on appeal, Mr. Tadlock failed to provide any evidence of these strong allegations.

The same is true of Mr. Tadlock's allegations against the Department of Justice. He states that the Department of Justice controls the courts and was a coconspirator. But, Mr. Tadlock has presented no evidence of these allegations.

Mr. Tadlock alleges not only conspiratorial misconduct, but also overly aggressive tactics in the litigation. For example, he accuses the Department of Justice of a conflict of interest that hindered his ability to obtain a jury trial. The Justice Department unquestionably had an interest adverse to Mr. Tadlock because it represented the party (the Department of Transportation) that he sued. 28 U.S.C. § 519. As counsel for the Department of Transportation, the Department of Justice (like any other counsel) had the

---

[2] Mr. Tadlock identified the document as "Defense Exhibit 10." Appellant's Opening Br. at 5 (July 24, 2014). This exhibit was a transcript of the EEOC hearing. The transcript continues to appear in the district court's docket sheet and is electronically accessible through the district court's "Pacer" system. *See* https://ecf.ksd.uscourts.gov/doc1/07912994940.

right to make motions.  Thus, Mr. Tadlock has not justified relief under Rule 60(b) based on the Justice Department's litigation tactics.

### C.    Allegations Preserved in District Court

Mr. Tadlock also argues that the district court should have excused his failure to verify the complaint and response to the summary judgment motion.  Though this argument was arguably preserved in district court, it would not justify reversal.

When Mr. Tadlock asked the district court to vacate the summary judgment ruling, he did not allege mistake or excusable neglect for the failure to verify his filings.  Instead, he submitted declaration pages and asked the district court to accept them.  With this submission, the district court declined to vacate the summary judgment ruling, explaining that the result would have been the same even with the declaration pages because Mr. Tadlock's allegations were conclusory, involved hearsay, and contained inadmissible statements of belief.

This ruling reflected an appropriate exercise of judicial discretion.  Like any other litigant, Mr. Tadlock could not defeat summary judgment based on submission of an unverified complaint or unsworn statement.  *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988).  Though Mr. Tadlock lacked an attorney, he remained obligated to comply with the procedural rules.  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).  The district court had the discretion to enforce these procedural rules and decline to consider unsworn documents in opposition to the motion for summary judgment.

But here, the district court went further and explained that the result would have been the same even with the newly submitted declaration pages. We upheld that ruling on direct appeal, and Mr. Tadlock does not supply a reason to vacate the award of summary judgment based on the belated submission of declaration pages.

## D. Arguments Rejected in the Prior Appeal

Mr. Tadlock raises four other arguments:

1. The Federal Aviation Administration retaliated by asking him to submit medical records after he had filed the EEOC charge.

2. The federal government submitted false statements, including perjured testimony.

3. There was evidence of temporal proximity between the adverse actions and the EEOC charge, which should have been enough to defeat summary judgment.

4. He was constructively discharged when deemed "disqualified" by the FAA's doctor.

These arguments were considered and rejected in the prior appeal.[3] With our decision affirming the summary judgment ruling, the district court appropriately declined to allow Mr. Tadlock to allow relitigation of these arguments. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

---

[3] *See* Appellant's Opening Br. at 3, 7, *Tadlock v. LaHood*, 550 F. App'x 541 (10th Cir. 2013) (unpublished) (arguing that Troy Price knowingly submitted false testimony); *id.* at 7 (arguing that Dr. Wilson and his staff committed perjury); *id.* at 2-3 (arguing temporal proximity and constructive discharge); *id.* at 6-7 (arguing retaliation through a request for medical records).

**II.      Striking of the Amended Complaints and Amended Responses to the Summary Judgment Motion**

After Mr. Tadlock moved for vacatur of the award of summary judgment, he filed two amended complaints and two amended responses to the summary judgment motion. The court struck these documents based on mootness, viewing

- the first round of amendments moot when Mr. Tadlock filed a second round of amendments and

- the second round of amendments moot in light of the decision to decline vacatur of the judgment.

It is unclear whether Mr. Tadlock is intending to appeal the order striking the two amendments to the complaint and the response to the summary judgment motion.[4]   If he is, however, he has not provided any ground for reversal.

We again apply an abuse-of-discretion standard.   *See Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994).   Applying this standard, we conclude that the district court acted within its discretion when it struck the documents.

When striking the documents, the district court had already declined to vacate the summary judgment ruling.   Once the court declined to vacate the summary judgment ruling, it would have been too late for Mr. Tadlock to file an amended complaint or an amended response to the summary judgment motion.   Thus, we would decline to reverse

---

[4]      In the notice of appeal, Mr. Tadlock appealed all orders issued on March 31, 2014. The district court's order striking the two amended complaints and two amended response briefs was filed on March 31, 2014.

in the event that Mr. Tadlock had intended to appeal the striking of his amended complaints and amended responses to the summary judgment motion.

## III.    Disposition

We affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge